IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 1:02-cr-0239 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| SCOTT A. BAILEY, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

I. Introduction

On June 30, 2022, Defendant Scott A. Bailey, through counsel, filed a motion to reduce sentence pursaunt to 18 U.S.C. § 3582(c)(1)(A)(i) for immediate compassionate release.  ECF Doc. 1253.  On July 29, 2022, the Government filed an opposition to Bailey's motion (ECF Doc. 1256), and Bailey filed a reply (ECF Doc. 1257) and a supplement.  ECF Doc. 1258.  For the reasons that follow, Bailey's Motion for Compassionate Release is **DENIED**.

II. Background

In 2003, Bailey pleaded guilty to conspiring to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(a); and conspiring to launder money, in violation of 18 U.S.C. § 1956(h).  On May 19, 2003, Bailey was sentenced to 210 months to be followed by a fifteen-year term of supervised release.  ECF Doc. 905.  Bailey's supervised release began on September 13, 2016.

On November 1, 2017, Bailey was arrested by the Ohio State Highway Patrol for possession of marijuana, trafficking marijuana, and drug paraphernalia.  ECF Doc. 1223.  In July 2019, he pleaded guilty to those charges, and the State Court sentenced him to three years.  ECF

1

Doc. 1244.  This Court subsequently sentenced Bailey to serve five years in custody, to be served concurrent to his state sentence, for violating the terms of his release.  ECF Doc. 1249.  Bailey is currently being held at Gilmer FCI with an expected release date of December 12, 2023.[1]

In March 2020, Bailey was diagnosed and began treatment for stage four follicular lymphoma.  ECF Doc. 1256-1 at 28.  After his cancer diagnosis, he contracted COVID-19, which required admission to an intensive care with intubation.  ECF Doc. 1256-1 at 78.  Upon recovering from COVID-19, Bailey was scheduled to resume his cancer treatments in October 2020, but updated scans showed most of his cancer had resolved or improved with the exception of one area, which had increased mildly.  At that time, Bailey was unsure whether he even wanted to continue his cancer treatment.  ECF Doc. 1256-1 at 82.  But in August 2021, Bailey decided to resume treatment, which continued through December 2021.  Treatment notes from May 2022 reflect the results from Bailey's recent PET scan were "all good."  ECF Doc. 1256-1 at 28.

Bailey moves for early release due to his cancer diagnosis, as well as other medical conditions.  ECF Doc. 1253 at 5-7.  He also argues he is not a danger to the community, and early release would be consistent with the 18 U.S.C. § 3553(a) factors.  ECF Doc. 1253 at 8-9.

### III. Factors Warranting Early Release

As authorized by 18 U.S.C. § 3582(c)(1), two requirements must be met before the Court may grant a compassionate release.  18 U.S.C. § 3582(c)(1).  The Court must find:

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last reviewed August 16, 2022).

(A) extraordinary and compelling circumstances permit sentence reduction; and (B) the reduction is proper considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent they are applicable." *Id.*

### A. Extraordinary and Compelling Reasons

Bailey contends his medical conditions and increased risk of contracting COVID-19 are extraordinary and compelling reasons meriting his release. When determining whether the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release, courts consider the following factors: (1) whether defendant is at high risk of having complications from COVID-19; and (2) whether the defendant's prison has a severe COVID-19 outbreak. *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (citing *United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).

Bailey has cited 21 medical diagnoses in his motion for compassionate release. ECF Doc. 1253 at 6-7. The Centers for Disease Control and Prevention ("CDC") identifies a non-exhaustive list of COVID-19 risk factors on its website, which outlines risk factors that can make you "more likely to get severely ill from COVID-19".[2] Last updated on May 2, 2022, the CDC has determined that several of Bailey's conditions, including cancer and obesity, may increase the likelihood of severe illness from COVID-19. *See United States v. Elias,* 984 F.3d 516, 521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). The Government does not dispute Mr. Bailey's conditions. ECF Doc. 1256 at 2-3.

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (last accessed August , 2022).

However, the BOP has taken considerable measures to reduce the risk of inmates contracting COVID-19. For example, the BOP has offered the vaccine to inmates, including Bailey who has now received two doses of a COVID-19 vaccine. ECF Doc. 1256-1 at 53. And the Sixth Circuit has held that there is no longer an extraordinary and compelling reason justifying early release after an inmate has been offered the vaccine. *United States v. Traylor*, No. 20-1452, 2021 U.S. App. LEXIS 22765 (6th Cir. July 30, 2021); *United States v. Lemons*, No. 21-5353, 15 F.4th 747 (6th Cir. Oct. 8, 2021).

The Court recognizes that Bailey has several serious medical conditions, including cancer. His fear of contracting COVID-19 is understandable. But the number of individuals inside FCI Gilmer who currently have COVID-19 is relatively low.[3] Moreover, Bailey's medical records show he has been receiving treatment while in prison, and his cancer has shown improvement during his incarceration. There is no reason to believe Bailey would be able to quickly identify and replace his health care specialists if he were released from prison at this time.

Because Bailey has been vaccinated, is receiving ongoing medical treatment for his serious medical conditions, and is not being exposed to a severe COVID-19 outbreak at FCI Gilmer, Bailey's underlying medical conditions do not justify his early release.

### B. 18 U.S.C. § 3553(a) Factors/Threat to the Community

Even if Bailey had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for

---

[3] As of August 17, 2022, one inmate and six staff members report having COVID-19 at FCI Gilmer. *See* https://www.bop.gov/coronavirus/

the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Bailey has over a year remaining in his sentence. He pleaded guilty to a significant conspiracy to distribute dangerous controlled substances. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir. Feb. 22, 2021) (finding that the district court properly considered the § 3553(a) factors when looking at the seriousness of the offense as well as the amount of time remaining on the defendant's sentence). At the time he committed this offense, he was on supervised release and had violated the terms of that release. ECF Doc. 1249. Moreover, Bailey has been committing repeat drug offenses and has an arrest record dating back to the age of 27; he is now 61. ECF Doc. 1224. For these reasons, the § 3553(a) factors weigh against granting Bailey's Motion for Compassionate Release.

IV.     **Conclusion**

For the above reasons, Scott Bailey's Motion for Compassionate Release (ECF Doc. 1253) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: August 18, 2022                                      */s/ Dan Aaron Polster*
                                                            **Dan Aaron Polster**
                                                            **United States District Judge**

5